UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | ) | |
|---|---|---|
| VERRINA MASSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-156-SKL |
| | ) | |
| DOLLAR TREE STORES, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Verrina Massey ("Plaintiff") claims that she was injured after slipping in a liquid spilled in an aisle of store owned by Defendant Dollar Tree Stores, Inc. ("Defendant") and that Defendant should be held liable for the medical expenses, lost wages, and other damages she allegedly incurred as a result of the slip and fall. Currently before the Court is Defendant's motion to compel Plaintiff to respond to discovery requests concerning Plaintiff's possible reliance on a third-party litigation funding company, and her social media accounts [Doc. 34]. Plaintiff filed a response [Docs. 36 & 46], and Defendant filed a reply along with additional materials [Docs. 44 & 45]. The Court held an extensive hearing on the motion on June 28, 2019. For the reasons stated in the hearing, the motion [Doc. 34] will be **GRANTED IN PART and DENIED IN PART**.

**I.    RULE 26**

The scope of discovery under Federal Rule of Civil Procedure is broad:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

At issue in the motion are Defendant's Interrogatories #17 & #24, and Requests for Production ("RFP") #12 & #13.

## II. INTERROGATORY #17

In Interrogatory #17, Defendant asks whether any recovery in this case "is or will be subject to a lien and/or subrogation interest of any litigation funding or financing companies," and if so, the name of the compan(ies) and the amount of the lien or subrogation interest [Doc. 35 at Page ID # 115]. As detailed more fully during the extensive hearing, the Court finds that whether the medical care Plaintiff allegedly received as a result of the fall at issue is provided on a lien basis pursuant to an agreement involving a litigation funding company is appropriately discoverable in this case. During the hearing, Plaintiff's counsel represented Plaintiff was not involved in any such litigation funding. Defendant indicated it was satisfied with the information provided, thus rendering any further dispute regarding this interrogatory moot.

## III. INTERROGATORY #24, RFP #12 & #13

Interrogatory #24, and RFP #12 & #13 all concern Plaintiff's social media and other online accounts:

> **Interrogatory #24**: Please state whether you maintain any social media or Internet-based accounts and, if so, list each and every

2

> platform you use, including, but not limited to, Facebook, Twitter, Pinterest, Snapchat, Google+, MySpace, Tumblr, LinkedIn, Instagram, blogs, or wikis. For each platform, please list your account username(s), the email address associated with each account, and approximate date each account was created.
>
> **RFP #12**: For each social media or Internet-based account identified in response to Interrogatory No. 24, download and produce your data activity from the date of the incident to present. [Goes on to explain how to do this for Facebook].
>
> **RFP #13**: Please provide copies of any contributions or posts you have made to any online forum, website, or social media site identified in response to Interrogatory No. 24 since the date of the accident to present.

[*Id.* at Page ID # 115-16].

As addressed in greater detail during the hearing, as to Interrogatory #24 the Court **GRANTS** the motion only to the extent it seeks the internet link that Plaintiff agreed to provide in lieu of the account username or email address for each account Plaintiff maintains on any social media platform. As to RFP #12 & #13, for the reasons stated at the hearing, the motion is **GRANTED IN PART** as follows: Plaintiff and her counsel are **ORDERED** to review any non-public parts of each social media account identified in response to Interrogatory #24, including any deleted items that may be reasonably accessible, and to provide Defendant with copies of any comments or posts dating from the date of the accident to present that relate to Plaintiff's "ability *or inability* to travel, sit in the car for extended periods of time, run, jog, cook, clean, wash laundry, walk more than 40-50 feet, engage in social outings, comb her hair, get a pedicure, or take a bath." [Doc. 45 at Page ID # 238 (italics in original)]. The motion is **DENIED** in all other respects, as to Interrogatory #24, and RFP #12 & 13.

**IV.     CONCLUSION**

Defendant's motion to compel [Doc. 34] is **GRANTED IN PART and DENIED IN PART** as set forth herein. Plaintiff is **ORDERED** to provide to Defendant the links and documents described above within **10 days** of entry of this Order.

SO ORDERED.

ENTER:

*s/ Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE